FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 19 PM 3: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICK LIUZZA, SR., NICK LIUZZA, JR., : CIVIL ACTION
AND CHRISTOPHER LIUZZA :
: NO: 05-3031
Plaintiffs, :
: JUDGE
versus : SECT. D MAG. 2
: MAGISTRATE
CRDENTIA CORP., :
:
Defendant. :
:

## ORIGINAL COMPLAINT

In their complaint against defendant, Crdentia Corp. ("Crdentia"), plaintiffs Nick Liuzza, Sr., Nick Liuzza, Jr., and Christopher Liuzza (collectively, "Plaintiffs") seek preliminary and permanent injunctive relief and damages as follows:

## SUMMARY OF CLAIM

1. Crdentia has failed to comply with its statutory, codal, and jurisprudential law duty to register transfers of common stock owned by Plaintiffs by imposing and threatening to impose a stop-transfer order on all shares held by Plaintiffs, by causing its attorneys to rescind an opinion letter stating that common stock held by one of the Plaintiffs could be lawfully transferred, and by engaging in other conduct specifically designed to impair the ability of Plaintiffs to sell their shares in the public market.

Fee $250.00
Process
X Dktd
CtRmDep
Doc. No.

{N1316898.1}                                        1

2. Crdentia has no justification or excuse for its conduct but rather is concerned that the sale of large blocks of common stock by Plaintiffs will cause the price of Crdentia common stock to decline rapidly and substantially hinder the ability of Crdentia to raise additional capital. Although Crdentia may be justified in its concern that sales of large blocks of stock would adversely affect its stock price, it acted unlawfully when it interfered with Plaintiffs in their efforts to sell their stock holdings.

3. Plaintiffs seek a judgment: (i) declaring that Plaintiffs are entitled to sell their common stock without further interference from Crdentia; (ii) granting injunctive relief prohibiting Crdentia from interfering with Plaintiffs' efforts to sell Crdentia common stock and compelling Crdentia to rescind its stop transfer order and to cause its company counsel to issue customary opinion letters in conjunction with any proposed sales by the Plaintiffs; and (iii) awarding damages to compensate Plaintiffs for the harm caused by Crdentia.

## PARTIES

4. Plaintiff, Nick Liuzza, Sr., is an individual of the age of majority who is domiciled in the Eastern District of Louisiana. Mr. Liuzza owns 1,284,503 shares of common stock in Crdentia and is entitled to certain additional shares not yet received from Crdentia. The sale of these shares is currently restricted, but any and all contractual restrictions on the sale of the shares will expire on September 22, 2005. The value of the common stock owned by Mr. Liuzza as of July 18, 2005 was at least $2,440,555.

5. Plaintiff, Nick Liuzza, Jr., is an individual of the age of majority who is domiciled in Rhode Island. Mr. Liuzza owns 1,1159,137 shares of common stock in Crdentia and is entitled to certain additional shares not yet received from Crdentia. The sale of these shares is currently restricted, but any and all contractual restrictions on the sale of the shares will expire

on September 22, 2005. The value of the common stock owned by Mr. Liuzza as of July 18, 2005 was at least $2,202,360.

6. Plaintiff, Christopher Liuzza, is an individual of the age of majority who is domiciled in the Eastern District of Louisiana. Mr. Liuzza owns 225,080 shares of common stock in Crdentia. The sale of these shares is not restricted other than by applicable securities laws. The value of the common stock owned by Mr. Liuzza as of July 18, 2005 was at least $427,652.

7. Crdentia is a Delaware Corporation. Crdentia maintains its principal place of business in Dallas, Texas, but regularly conducts business in the Eastern District of Louisiana. Until recently, Crdentia maintained office space, records, and employees in this District, provided services in this District, and advertised and solicited business in this District. Further, Crdentia continues to solicit business in this District.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy with respect to each plaintiff exceeds $75,000 exclusive of interests and costs. The Court also has personal jurisdiction over Crdentia which has continuous and systematic contacts with this District and has directed its tortious conduct to this District and caused damage here. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims against Crdentia occurred in this District and the common stock which is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

9. Crdentia is a start-up company listed on the Over The Counter Bulletin Board ("OTC-BB"). Crdentia has limited cash reserves and its shares are thinly traded with the average

daily volume of Crdentia common stock bought or sold over a three month period amounting to less than 6,500 shares per day as of July 18, 2005. The low sales volume of Crdentia shares is indicative of limited demand, the lack of an active public market for Crdentia stock, and that the trading price of Crdentia common stock is subject to volatility.

10. Plaintiffs are former shareholders of New Age Staffing, Inc. ("New Age") and acquired shares in Crdentia when Crdentia acquired New Age Staffing through a merger transaction.

11. Plaintiffs collectively own more than 2,000,000 shares of Crdentia common stock and are prepared and intend to sell their stock holdings to the extent permitted by applicable securities laws as soon as possible. Christopher Liuzza is free to sell his common stock immediately. Nick Liuzza, Sr. and Nick Liuzza, Jr. are required to wait until September 2005 when certain contractual restrictions on the sales of their shares expire.

12. If one or more of the Plaintiffs were to sell their holdings in Crdentia, the price of Crdentia shares would likely decline rapidly. Crdentia acknowledged as much in its May 16, 2005 Quarterly Report filed with the Securities and Exchange Commission when Crdentia stated that one of the factors which could adversely affect the trading price of its common stock is the sale of "substantial amounts of [Crdentia] common stock, or the perception that substantial amounts of [Crdentia] common stock will be sold, by our existing stockholders in the public market."

13. Crdentia knows that Plaintiffs have attempted or will attempt to sell large blocks of their common stock on the public market. Crdentia further knows that these sales will adversely affect the stock price and Crdentia's ability to raise additional capital and that its business may fail unless Crdentia can secure additional capital.

14.     On or about March 25, 2005, Crdentia notified Nick Liuzza Sr. and Nick Liuzza Jr. that Crdentia believed that Nick Liuzza Jr. had provided misleading information to Crdentia in connection with its acquisition of New Age. Nick Liuzza, Jr. denied this allegation in a written response dated March 29, 2005. Copies of both letters are attached as Exhibits 1 and 2, respectively, and incorporated by reference.

15.     In its March 25, 2005 letter, Crdentia stated that it believed an "appropriate resolution to this situation would be the immediate forfeiture of all Crdentia stock held by former New Age Shareholders." However, Crdentia has never accused the Plaintiffs other than Nick Liuzza Jr. of any wrongdoing and has never notified Christopher Liuzza of any complaint which Crdentia might have against Nick Liuzza, Jr.

16.     Crdentia has no legal authority to rescind or impair the shares issued to Nick Liuzza Jr. even if Crdentia believes it has a claim against him. Further, Crdentia agreed that its sole and exclusive remedy against Nick Liuzza Jr. in the event of a dispute relating to the acquisition of New Age Staffing would be a claim for indemnification and that it would assert such a claim or before March 22, 2005. Crdentia did not provide notice to Nick Liuzza Jr. of its indemnification claim until March 25, 2005.

17.     Crdentia has no legal authority to rescind or impair the shares issued to Nick Liuzza Sr. or Christopher Liuzza even if Crdentia believes that it has a claim against Nick Liuzza Jr. Christopher Liuzza owes no obligation of indemnity to Crdentia and neither Nick Liuzza, Sr., nor Christopher Liuzza would be responsible for the alleged wrongdoing of Nick Liuzza Jr. even if Crdentia could prove (which it cannot) wrongdoing on his part.

18.     Nonetheless, in its March 25, 2005 letter, Crdentia stated that "[p]ending resolution of this matter, by copy of this letter, Crdentia is hereby imposing a stop transfer order

with Continental Stock Transfer & Trust, its transfer agent, with respect to all shares held by former New Age shareholders." Crdentia issued this stop-transfer order without legal authority and in violation of its statutory obligations as an issuer. This conduct has substantially impaired the right and ability of Plaintiffs to sell their common stock.

19. Crdentia taken furthers steps to impair the ability of Plaintiffs to sell their Crdentia common stock. By way of example, Christopher Liuzza attempted to sell 15,000 shares of Crdentia common stock in or about January 2005. In connection with that sale, his stock broker and/or Crdentia's transfer agent requested the issuance of a routine opinion letter from the outside attorneys for Crdentia with respect to sales under Rule 144 of the SEC. This opinion was issued and acting in reliance thereon, Christopher Liuzza's stock broker sold the shares in question. Crdentia later caused the transaction to be cancelled by instructing its attorneys to rescind their opinion letter. Consequently, Christopher Liuzza incurred substantially increased fees and costs because his stock broker was forced to rescind the stock sale. Christopher Liuzza also lost the opportunity to sell additional quantities of his stock holdings in Crdentia.

20. Crdentia issued the stop transfer order and took other steps to prevent Plaintiffs from selling their shares now or in the future because it is concerned about the impact those sales would have on its share price. Alternatively, Crdentia has undertaken these steps to generate a self-help remedy for its claims against Nick Liuzza Jr. In either case, Crdentia has violated its statutory, codal, and jurisprudential law duty to Plaintiffs.

## COUNT ONE

### Violation Of Duty To Register Transfers Of Securities

21. Section 8-401 of the Uniform Code of Delaware and Louisiana imposes a duty on issuers, including Crdentia, to register the transfer of securities under certain conditions if requested to do so by the holder of the security. All of the preconditions of Section 8-401 exist

and have been satisfied with respect to Plaintiffs. This same duty is imposed on Crdentia under the Civil Code and the jurisprudential law of Louisiana. This same duty also exists under the statutory and common law of other states.

22. Crdentia has breached its statutory, codal, and jurisprudential law duty by refusing to register the transfer of securities by Plaintiffs without cause or justification. This refusal has taken the form of, among other things: (i) the issuance of a stop transfer order; (ii) instructions to its attorneys to rescind their Rule 144 opinion letter issued in connection with the Christopher Liuzza's January 2005 sale; and (iii) instructions to its attorneys to refuse to issue customary opinion letters authorizing the transfer of securities held by Plaintiffs.

23. As a direct and proximate result of these violations of Section 8-401, Crdentia has caused and will cause substantial damage to Plaintiffs. Further, unless preliminarily and permanently restrained from its continuing violation of Section 8-401, Crdentia will cause irreparable harm to Plaintiffs and to the general public.

## COUNT TWO

### Declaratory Relief

24. Crdentia has called its willingness to abide by its statutory, codal, and common law duty to register the transfers of securities by Plaintiffs into question and created a case in controversy between Plaintiffs and Crdentia by refusing to register the transfer of securities by Plaintiffs. This refusal has taken the form of, among other things: (i) the issuance of a stop transfer order; (ii) instructions to its attorneys to rescind their Rule 144 opinion letter issued in connection with Christopher Liuzza's January 2005 sale; and (iii) instructions to its attorneys to refuse to issue customary opinion letters authorizing the transfer of securities held by Plaintiffs. Plaintiffs are entitled to a judgment declaring that Plaintiffs may sell their Crdentia common

stock without interference from Crdentia or any other conduct intended to impair their right to sell.

### PRAYER

WHEREFORE, the premises considered, Plaintiffs respectfully request a trial by jury and that the Court enter judgment as follows:

1. That the Court enter injunctive relief prohibiting Crdentia from interfering with any effort by Plaintiffs to sell their Crdentia common stock or taking any other action to impair the sale rights of Plaintiffs and compelling Crdentia to perform those ministerial acts necessary, including the issuance of appropriate and customary opinions by company counsel, to authorize the transfer of common stock sold by Plaintiffs;

2. That the Court enter a judgment against Crdentia awarding Plaintiffs such direct and consequential damages as they may prove at trial;

3. That the Court enter a judgment against Crdentia declaring that Plaintiffs may sell their Crdentia common stock without interference from Crdentia;

4. That the Court order Defendants to pay to Plaintiffs both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

5. That the Court grant such other and additional relief as is just and proper.

Dated: July 19, 2005          Respectfully submitted,

_____
THOMAS P. HUBERT (La. Bar # 19625)
MARK A. CUNNINGHAM (La. Bar # 24063) (T.A.)
Jones, Walker, Waechter, Poitevent
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone:    (504) 582-8000
Telecopier:    (504) 582-8583
Attorneys for Plaintiffs